# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Chengkai Zhou a/k/a Edward Zhou,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Todd M. Lyons, Acting Director, U.S. Immigration and Customs Enforcement,<br><br>　　　　　Defendant. | Case No. 2:25-cv-02994-CV(SKx)<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

On April 7, 2025, Plaintiff Chengkai Zhou, a/k/a Edward Zhou ("Plaintiff") filed a complaint (Doc. # 1, "Compl.") and an Application for Temporary Restraining Order or in the Alternative Preliminary Injunction ("Application") (Doc. #11, "App.") against Defendant Todd M. Lyons, the acting director of the U.S. Immigration and Customs Enforcement ("ICE") (the "Government"). On April 10, 2025, Plaintiff filed a Supplement to its Application ("Supplement"). (Doc # 15, "Suppl."). On April 11, 2025, the Government filed its opposition brief to Plaintiff's Application ("Opposition"). (Doc # 17, "Opp'n).

The Application was heard on April 15, 2025. Having considered the briefing and the parties' oral arguments, and for the reasons discussed below, the Court GRANTS the Application.

## INTRODUCTION

Plaintiff alleges that ICE terminated Plaintiff's Student and Exchange Visitor Information System ("SEVIS") record and F-1 student status, and that the termination violated the Administrative Procedure Act and Plaintiff's due process rights under the Fifth Amendment. Compl. ¶ 47–50. Plaintiff asks the Court to "enjoin the effects of [ICE's] termination of Plaintiff's SEVIS record and F-1 status." App. at 15.

## FACTUAL BACKGROUND

The present dispute arises from the Government's termination of Plaintiff's F-1 status in SEVIS, an online database that stores information regarding international students. Compl. at p. 1–2. Such information includes the student's start date, academic progress, and graduation date, which schools must enter into SEVIS. *Id.* ¶ 18. The Student Exchange Visitor Program ("SEVP"), which ICE operates, monitors SEVIS to determine whether students are maintaining their student status. *Id.* ¶¶ 16, 19. If a student does not maintain their status, ICE (through SEVP) can terminate the student's SEVIS record and, along with it, the student's F-1 status. Consequently, the student would be barred from continued studies in the United States. *See Id.* ¶¶ 21–27.[1] According to the Complaint, ICE considers students who have their SEVIS records terminated as nonimmigrants without status, and such students are expected to leave the United States. *Id.* ¶ 22. Moreover, a student's F-1 status in the SEVIS system is distinguishable from an F-1 visa—F-1 status allows a student to seek education in the United States, *see* 8 C.F.R. § 214.2(f)(5)(i) (permitting students to seek a full course of study during the time period the student is "maintaining status"), while an F-1 visa permits a student to enter the United States based on having F-1 status. *See* 8 U.S.C. § 1101(a)(15)(F). A student

---

[1] At the hearing, the Government argued that a termination of a student's SEVIS record does not constitute a termination of the student's F-1 status. However, the Government did not make this argument in the Opposition and there is currently no such evidence in the record. Accordingly, the Court declines to consider this argument at this time.

cannot have an F-1 visa without having F-1 status; accordingly, if a student's F-1 status is terminated in the SEVIS system, so is the student's F-1 visa. *See* Compl. ¶ 38.

Plaintiff, a citizen and national of the People's Republic of China, has been a student at the University of California, Los Angeles ("UCLA") since 2021. Doc. #1–2 ¶¶ 3–4, "Zhou Decl." On June 25, 2021, after accepting an offer to attend UCLA, Plaintiff received an F-1 student visa. *Id.* ¶ 5. On September 17, 2021, Plaintiff was admitted through the port of entry at the Los Angeles International Airport as an F-1 student. *Id.* ¶ 6. Plaintiff has since been attending classes at UCLA and expects to graduate in a few months. *Id.* ¶ 7. Plaintiff has been paying an annual tuition of $15,154 plus an annual "nonresident supplemental tuition" of $34,200. *Id.* ¶ 10. Plaintiff approximates his annual cost to attend UCLA, including room and board, at $75,000. *Id.* As a result of losing his F-1 status, Plaintiff cannot attend classes and finish his degree. *Id.* ¶ 24.

On April 3, 2025, Plaintiff received an email from UCLA's international student office explaining that his SEVIS record had been terminated. *Id.* ¶ 15, Ex. B. The email cited to a notation made by the Department of Homeland Security ("DHS") in SEVIS, which stated in relevant part: "TERMINATION REASON: OTHERWISE FAILING TO MAINTAIN STATUS – Individual identified in criminal records check and/or has had their VISA revoked. SEVIS record has been terminated." *Id.* ¶ 16, Ex. B. Plaintiff was not provided with any notice or opportunity to respond. *Id.* Ex. 17. Since Plaintiff's F-1 visa was revoked two days later on April 5, 2025, Plaintiff presumes that his SEVIS record was terminated due to a prior brush with the law, but he does not know for certain since ICE never provided an explanation. *Id.* ¶¶ 11-15. Plaintiff was never charged with a crime and has no criminal record. *Id.* ¶¶ 12-14, Ex. A.

## LEGAL STANDARD

Courts analyze motions for TROs and motions for preliminary injunctions in substantially the same manner. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A TRO or a preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to

such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a TRO or preliminary injunction must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. 7, 20. The third and fourth factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

## DISCUSSION

### I. Jurisdiction

As a preliminary matter, the Government challenges the Court's jurisdiction to review this matter on the basis that ICE's termination of Plaintiff's SEVIS record is not "final." The Government argues that the termination is not final because (1) Plaintiff has not exhausted administrative processes identified on the DHS website, and (2) Plaintiff is subject to removal proceedings, during which Plaintiff can challenge the termination in an immigration court. Opp'n at 4–5. The Court disagrees. With regards to the Government's first point, "the exhaustion of administrative remedies [is] 'a prerequisite to judicial review only when [1] expressly required by statute or [2] when an administrative rule requires appeal before review and the administrative action is made inoperative pending that review.'" *Jie Fang v. Dir. United States Immigr. & Customs Enf't*, 935 F.3d 172, 181 (3d Cir. 2019) (quoting *Darby v. Cisneros*, 509 U.S. 137, 154, (1993)). The Government has not pointed to any statute or administrative rule requiring Plaintiff to pursue the administrative processes described in the Opposition. With regards to the Government's second point, "the finality of an order cannot be conditioned on something that may never happen." *Fang*, 935 F.3d at 184. Here, there is no guarantee that the government will initiate removal proceedings against Plaintiff, and the mere possibility of removal proceedings does not negate the finality of the termination.

Accordingly, for purposes of the Application, the Court finds that it has jurisdiction to review this case. However, the Court acknowledges that any party may, at any time, challenge a court's subject-matter jurisdiction.

## II. Application for TRO

After considering the Application, the exhibits attached thereto, the Opposition, and the parties' oral argument during the April 15 hearing, the Court finds that Plaintiff has met each of the elements required for a TRO.[2]

*First*, Plaintiff has shown a likelihood of success on the merits of his claim that the Government violated the APA when it terminated Plaintiff's SEVIS record and, in effect, his F-1 status. Based on the record before the Court, Plaintiff is likely to show that ICE exceeded its legal authority in terminating Plaintiff's SEVIS record by failing to comply with 8 C.F.R. § 214.1(d), and that the termination was arbitrary, capricious, an abuse of discretion, or otherwise unlawful.[3] *See* 5 U.S.C. § 706(2)(A). The Government did not address Plaintiff's arguments that ICE exceeded its authority, nor did the Government provide any information to the contrary at the hearing.

*Second*, Plaintiff established that he would suffer irreparable harm absent a TRO. The record shows that Plaintiff lost his F-1 status and, in turn, his ability to attend classes, effectively denying Plaintiff the ability to complete his degree. "The loss of timely academic progress alone is sufficient to establish irreparable harm." *Liu v. Noem*, 1:25-cv-00133-SE-TSM, slip op. at 4. The record also shows that, without F-1 status, Plaintiff is subject to arrest, deportation, and accruing unlawful presence. Finally, the evidence indicates that the possibility of deportation and not being able to complete his education is causing Plaintiff emotional harm. Monetary damages alone would not be sufficient to compensate Plaintiff for these harms.

---

[2] The Government was given notice and an opportunity to be heard, however, Government's counsel asked the Court to treat the Application as a request for a TRO and not a preliminary injunction given the condensed briefing schedule. The Court agrees and will limit its consideration to the issue of a temporary restraining order at this time. *See Midkiff v. US Bancorp*, No. CV 12-3262-VBF (Ex), 2012 WL 12882431, at *2 (C.D. Cal. May 14, 2012) ("[I]nformal notice and hearing does not [automatically] convert the temporary restraining order into a preliminary injunction of unlimited duration," which would require "a meaningful opportunity to prepare for the hearing[.]")

[3] Since Plaintiff has established a likelihood of success on the merits on these grounds, the Court declines to address Plaintiff's due process arguments at this time.

*Third*, Plaintiff has established that both the balance of hardships and the public interest weigh in favor of injunctive relief. The Government's only argument on these factors was that "[t]he public interest lies in the Executive's ability to enforce U.S. immigration laws" and that "control over immigration is a sovereign prerogative." Opp'n at 9. But the record suggests that the Government's termination of Plaintiff's SEVIS record exceeded the Government's legal authority. And the Government has made no showing that the requested relief of temporarily restoring Plaintiff's F-1 status while the Court considers whether the termination was proper would interfere with the Government's ability to lawfully enforce immigration laws. On the other hand, Plaintiff has shown that he will suffer irreparable harm from a potentially unlawful agency action. Accordingly, the Court finds that these two factors weigh in Plaintiff's favor.

Finally, the Court denies the Government's request that Plaintiff provide security pursuant to Fed. R. Civ. P. 65(c). The Court exercises its discretion to waive the bond requirement. *See Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011).

## CONCLUSION

For the foregoing reasons, Plaintiff's application for a TRO is GRANTED. The parties shall meet and confer regarding an appropriate briefing and argument schedule for a preliminary injunction hearing.

The Government's decision to terminate Plaintiff's F-1 student status in SEVIS is hereby set aside pending further order from the Court. The Government is enjoined from terminating Plaintiff's F-1 status in SEVIS pending further order from the Court.

IT IS SO ORDERED

DATED: 4/15/25

*Cynthia Valenzuela*
HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE